**FILED**
2018 Sep-28  PM 01:25
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | C O M P L A I N T |
| | ) ) | |
| | ) | JURY TRIAL DEMAND |
| v. | ) ) | |
| | ) | |
| NDI OFFICE FURNITURE, LLC | ) ) | |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an enforcement action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Alicia Jenkins, Arceneaux Jenkins and a class of female job applicants who were adversely affected by such practices.

As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant, NDI Office Furniture, LLC ("NDI" or "Defendant"), discriminated against Alicia Jenkins and a class of females by refusing to hire them on the basis of sex. Further, the Commission alleges that, since at least March 9, 2015 through December 2015, Defendant has engaged in a pattern or practice of unlawful discrimination by maintaining a standard operating procedure of denying employment to female applicants for positions in its Birmingham, Alabama warehouse on the basis of sex. The

Commission further alleges that Defendant retaliated against Alicia Jenkins by terminating her son, Arceneaux Jenkins, from his employment with NDI, because she engaged in activity protected by Title VII. Finally, the Commission alleges that Defendant retaliated against Arceneaux Jenkins by terminating him from his employment with NDI because his mother engaged in activity protected by Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Southern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, NDI Office Furniture, LLC, has continuously been doing business in the State of Alabama and Jefferson County and has continuously had at least 15 employees.

5.     At all relevant times, Defendant, NDI Office Furniture, LLC, has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.     More than thirty days prior to the institution of this lawsuit, Alicia Jenkins and Arceneaux Jenkins filed charges with the Commission alleging violations of Title VII by Defendant.

7.     On June 8, 2018, the Commission issued to Defendant a Letter of Determination, as to each Charge finding reasonable cause to believe Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.     On September 6, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation as to each Charge advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10.     Defendant, headquartered in Nashville, Tennessee, is an office furniture wholesaler organized and existing under the laws of Tennessee.

11.     Defendant operates a distribution and logistics warehouse located in Birmingham, Alabama from which it distributes office furniture to dealers throughout the southern United States.

## COUNT ONE:
### (Sex Discrimination against Alicia Jenkins and the Class)

12.    Since at least March 9, 2015 through December 2015, Defendant has engaged in unlawful employment practices at its Birmingham, Alabama warehouse facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant subjected Alicia Jenkins, and a class of females, to discrimination in hiring on the basis of sex.

13.    On or around August 31, 2015 Alicia Jenkins, through her son Arceneaux Jenkins, who worked at NDI's Birmingham, Alabama warehouse, learned of a job opening for a customer service representative position at that facility.

14.    Alicia Jenkins, on or around August 31, 2015, went to the NDI facility and spoke with Defendant's general manager and expressed interest in applying for the position.

15.    Alicia Jenkins met the qualifications for the position.

16.    In response, Defendant's general manager explained that Defendant "does not hire women in the warehouse." Defendant's general manager explained to Alicia Jenkins that because of her looks the "men would not get any work done" if she worked in the warehouse. Defendant's general manager explained that "corporate" did not want females in the warehouse because the men would not work and would look at the females all day.

17.    Upon hearing this, Alicia Jenkins immediately complained to Defendant's general manager that not hiring women was discriminatory.

18.    In addition, before leaving the warehouse, Alicia Jenkins called Defendant's corporate headquarters in Nashville, Tennessee to complain about its discriminatory policy.

19.    Alicia Jenkins spoke to Defendant's CEO, who instructed her to complete an application and submit it to the Birmingham location.

20.     On September 1, 2015, Alicia Jenkins completed her application and returned it to the Birmingham location. Arceneaux Jenkins hand-delivered her application to Defendant.

21.     Defendant never contacted Alicia Jenkins for an interview and never contacted Alicia Jenkins regarding her application.

22.     On or around September 2, 2015, Defendant offered a less or similarly qualified male applicant the customer service representative position.

23.     On or around September 7, 2015, Alicia Jenkins learned through Arceneaux Jenkins that Defendant had hired a male to fill the customer service position.

24.     Upon learning that she had not been hired, Alicia Jenkins once again called Defendant's corporate headquarters to complain about not being hired and about what she had been told regarding Defendant not hiring women to work in the warehouse.

25.     She asked to speak to the CEO regarding why she had not been selected to fill the customer service position.

26.     Defendant never contacted her.

27.     Approximately ninety (90) individuals worked for Defendant for at least some time during the 2014 through 2015 time period.

28.     During the period from March 9, 2015 through December 2015, at least ten women applied for customer service positions at Defendant's Birmingham, Alabama facility.

29.     Pursuant to Defendant's discriminatory policy, none of those women were hired. Moreover, none of those women received an interview.

30.     Over that same time period, five males applied to NDI for customer service positions.

31.     Of the five males who applied, four received an interview and two were hired.

32.     Only after Alicia Jenkins filed her charge of discrimination did Defendant begin interviewing and hiring females for positions at its Birmingham, Alabama warehouse.

33.     The effect of the practices complained of in Paragraphs twelve (12) through thirty-two (32) above has been to deprive Alicia Jenkins and a class of females of equal employment opportunities because of their sex in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

### COUNT TWO
### (Pattern or Practice)

34.     Plaintiff realleges and incorporates by reference Paragraphs one (1) through thirty-three (33) above.

35.     Since at least March 9, 2015 through December 2015 Defendant has engaged in unlawful employment practices at its Birmingham, Alabama location in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

36.     The practices include a pattern or practice of failing to hire female applicants for positions at Defendant's Birmingham facilities because of their sex (female).

37.     Defendant has intentionally discriminated against female applicants because of their sex by maintaining a hiring system through which Defendant has intentionally denied employment opportunities to qualified females in favor of equally or less qualified males.

38.     The warehouse manager of Defendant's Birmingham location, responsible for interviewing and hiring job candidates for the facility, purposefully excluded females from working at the Birmingham, Alabama warehouse.

39.     According to the warehouse manager he excluded women from jobs in the warehouse because the men "would not get any work done" if females worked in the warehouse along with men.

40.     According to this warehouse manager "corporate did not want females in the warehouse because the men would not work."

41.     According to another, former warehouse manager for Defendant's Birmingham, Alabama, facility, NDI did not hire women in the warehouse because the work was "too hard" and because if women worked in the warehouse "guys might start hitting on them."

42.     During the 2014 through 2015 time period, Defendant employed zero women at its Birmingham, Alabama facility in any job classification.

43.     The effect of the practices complained of in Paragraphs thirty-four (34) through forty-two (42) has been to deprive Alicia Jenkins and a class of female job applicants of equal employment opportunity because of their sex in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

### COUNT THREE:
### (Retaliation against Alicia Jenkins)

44.     Plaintiff realleges and incorporates by reference Paragraphs one (1) through forty-three (43) above.

45.     Since at least August of 2015, Defendant has engaged in unlawful employment practices at its Birmingham, Alabama warehouse, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

46.     On or around August 31, 2015, Alicia Jenkins expressed interest in obtaining employment with Defendant at its Birmingham, Alabama warehouse.

47.     On or around August 31, 2015, Alicia Jenkins engaged in activity protected by Title VII when she complained to Defendant, on at least two occasions, that its policy of not hiring women for warehouse positions was discriminatory.

48.     On or around September 1, 2015 Alicia Jenkins completed an application for employment with Defendant. Alicia Jenkins' son, Arceneaux Jenkins, hand delivered his mother's job application to Defendant.

49.     On or around September 11, 2015, Defendant terminated Alicia Jenkins' son, Arceneaux Jenkins, from his employment with NDI.

50.     At the time of Arceneaux Jenkins' termination, Defendant knew that Arceneaux Jenkins was Alicia Jenkins' son.

51.     A causal connection exists between Alicia Jenkin's protected activity and Defendant's termination of her son, Arceneaux Jenkins.

52.     Defendant's termination of Alicia Jenkins' son from his employment with NDI in retaliation for her engaging in protected activity, violates her rights under Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

## COUNT FOUR
### (Retaliation against Arceneaux Jenkins)

53.     Plaintiff realleges and incorporates by reference Paragraphs one (1) through fifty-two (52) above.

54.     Since at least August of 2015 Defendant has engaged in unlawful employment practices in Birmingham, Alabama, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

55.     On or about September 11, 2018 Defendant engaged in unlawful employment practices by terminating Arceneaux Jenkins from his employment with NDI because his mother, Alicia Jenkins, engaged in activity protected by Title VII.

56.    Defendant's termination of Arceneaux Jenkins from his employment with NDI in retaliation for Alicia Jenkins engaging in protected activity, violates his rights under Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

## ADDITIONAL ALLEGATIONS

57.    The unlawful employment practices complained of above in Paragraphs 12-32, 34-42, 44-51, and 53-55, were and are intentional.

58.    The unlawful employment practices complained of in Paragraphs 12-32, 34-42, 44-51, and 53-55, were done with malice or with reckless indifference to the federally protected rights of Alicia Jenkins, Arceneaux Jenkins and the class of female job applicants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in employment practices that discriminate on the basis of sex and from retaliating against individuals for engaging in protected activity.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Alicia Jenkins, Arceneaux Jenkins, and the class of female job applicants, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring, front pay, and/or reinstatement.

D.      Order Defendant to make whole Alicia Jenkins, Arceneaux Jenkins, and the class of female job applicants denied employment by Defendant because of sex, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 12-32, 34-42, 44-51, and 53-55, above, in amounts to be determined at trial.

E.      Order Defendant to make whole Alicia Jenkins, Arceneaux Jenkins, and the class of female job applicants denied employment by Defendant because of sex, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraphs 12-32, 34-42, 44-51, and 53-55, above, in amounts to be determined at trial.

F.      Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in Paragraphs 12-32, 34-42, 44-51, and 53-55, above,  in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

MARSHA L. RUCKER
Regional Attorney
PA Bar No. 90041
marsha.rucker@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone:  (205) 212-2046
Facsimile:  (205) 212-2041