

FILED
2021 Jul-23 PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. ) 2:18-cv-01592-RDP |
| NDI OFFICE FURNITURE, LLC, | ) ) ) |
| Defendant. | ) ) ) |

## CONSENT DECREE

The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action on September 28, 2018 against NDI Office Furniture, LLC ("NDI" or "Defendant") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Complaint, the Commission alleged that NDI discriminated against Alicia Jenkins and a class of females by refusing to hire them on the basis of sex. Further, the Commission alleged that, since at least March 9, 2015 through December 2015, NDI has engaged in a pattern or practice of unlawful discrimination by maintaining a standard operating procedure of denying employment to female applicants for positions in its Birmingham, Alabama warehouse on the basis of sex. The Commission further alleged that NDI retaliated against Alicia Jenkins by terminating her son, Arceneaux Jenkins, from his employment with NDI, because she engaged in activity protected by Title VII. The Commission alleged that NDI's conduct violated Sections 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1), 2000e-2(a), and 2000e-3(a). NDI has denied that it engaged in unlawful discrimination, retaliation, or any other unlawful conduct. In particular, NDI avers that it did not

Case 2:18-cv-01592-RDP    Document 74-1    Filed 07/22/21    Page 3 of 16

have a standard operating procedure of denying employment to female applicants for positions in its Birmingham, Alabama warehouse, or in any of its facilities or operations, on the basis of sex, and there exists no class of aggrieved individuals. NDI further avers that Alicia Jenkins is not an "aggrieved" individual within the meaning if Title VII, was not qualified for the position at issue, and did not engage in any activity protected by Title VII. NDI avers that it was not motivated by the race of Arceneaux Jenkins in undertaking any action relating to his employment and that it terminated the employment of Arceneaux Jenkins for legitimate, non-discriminatory and non-retaliatory reasons. Nothing in this Agreement should be construed as an admission on the part of NDI that it has engaged in unlawful discrimination, retaliation, or any other wrongdoing.

In the interest of resolving this matter and avoiding the expense of further litigation, the Commission and the NDI (the "Parties") have agreed that this action shall be finally resolved by entry of this Consent Decree.

The Parties do not object to the jurisdiction of the Court over this action. Each party hereby waives its right to a hearing and to the entry of findings of fact and conclusions of law. Venue is appropriate in the United States District Court for the Northern District of Alabama, Southern Division.

The Parties agree that the Court shall retain jurisdiction over this case in order to enforce the terms of the Consent Decree.

The Parties agree that this Consent Decree is fair, reasonable, and does not violate the law or public policy.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

1. This Consent Decree is entered into by the Commission and NDI.

2. This Consent Decree shall be final and binding between the Commission and NDI.

Case 2:18-cv-01592-RDP   Document 74-1   Filed 07/22/21   Page 4 of 16

3. This Consent Decree shall resolve all claims that were raised by the EEOC in its Complaint in Civil Action No. 1:18-CV-01592-RDP.

4. This Consent Decree shall be filed in the United States District Court for the Northern District of Alabama, Southern Division, and shall be in effect, and continue to be in effect, for a period of three (3) years from the date of entry of this Consent Decree by the Court.

5. Any modification of this Consent Decree by any party shall be made by motion to the Court.

6. The Court shall retain jurisdiction over this case in order to enforce the terms of the Consent Decree.

7. NDI shall not subject any employee to discrimination or retaliation based on sex, which includes discrimination in hiring practices, and shall comply fully with all provisions of this Consent Decree and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). NDI and its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, or any of them, are enjoined for the duration of this Consent Decree from discriminating or retaliating against an employee or qualified applicant in violation of Title VII. The prohibited practices include, but are not limited to the following:

   a. Refusing to hire any qualified applicant or taking other adverse employment action against an employee or qualified applicant because of her sex; and

   b. Retaliating against any employee or qualified applicant for asserting her rights under Title VII or engaging in other activity protected by Title VII.

8. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the obligations of NDI under Title VII.

9.  Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC against NDI.

## MONETARY RELIEF

10. NDI shall pay monetary relief of One Hundred Fifty Thousand and No/100 Dollars ($150,000.00), which sum represents full settlement of the claims against NDI which were the bases of the EEOC Charge filed by Alicia Jenkins (Charge Nos. 420-2015-02835C); the EEOC Charge filed by Arceneaux Jenkins (420-2015-02919C) and this cause, which will be allocated among Alicia Jenkins, Arceneaux Jenkins, and the individuals the EEOC deems class members, in the EEOC's sole discretion. The EEOC will provide NDI with a distribution list within 14 days of the entry of this Decree.

11. The sums allocated to Alicia Jenkins are comprised fully of non-economic compensatory relief. The sums allocated to Arceneaux Jenkins and the individuals the EEOC deems class members are comprised of 10% as back pay (from which all withholdings required by law shall be deducted by NDI) and 90% non-economic compensatory relief (from which no withholdings will be made).

12. NDI shall pay the monetary relief in three equal installments, as follows:

   (a) NDI to pay $50,000 within 30 days of the receipt of the EEOC's distribution list;

   (b) NDI to pay $50,000 within 90 days of the receipt of the EEOC's distribution list;

   (c) NDI to pay $50,000 within 180 days of the receipt of the EEOC's distribution list;

4

13. NDI will not condition the receipt of individual monetary relief upon an agreement by Alicia Jenkins, Arceneaux Jenkins or any individual the EEOC deems class members, to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of NDI's facilities.

14. To receive a settlement payment pursuant to this Decree, Alicia Jenkins, Arceneaux Jenkins and each individual the EEOC deems a class member, must sign a release in the form attached as Exhibit B, and send it to NDI within 28 days of the entry of this Decree. Failure to do so shall be deemed as a rejection of the settlement amount allocated to her or him, and she or he will not be entitled to receive any payment of the sums allocated to her or him.

15. NDI, Alicia Jenkins, Arceneaux Jenkins and each individual the EEOC deems a class member, are required to comply with applicable law regarding taxation of any sum paid under this Decree.

16. NDI shall pay all of its own administrative costs for the process of distributing the settlement funds under this Consent Decree to Alicia Jenkins, Arceneaux Jenkins and each individual the EEOC deems a class member, including, but not limited to, postage, supplies, clerical services, and tax return preparation incurred by NDI in performing its duties under the Consent Decree.

17. Within 10 days after payments are mailed to payees, NDI shall submit to the EEOC a copy of the payments issued, and any related correspondence to the attention of the EEOC's Regional Attorney Marsha Rucker c/o Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

18. If any payments issued pursuant to the distribution process of this Decree are not cashed/negotiated within 90 days of issuance of the check(s), or are returned as undeliverable to NDI, it shall provide the EEOC notice of non-negotiation or return within 120 days. The EEOC shall have 120 days from the date of such notice to determine why the payee did not cash or or why it was returned as undeliverable and to provide NDI either an alternate mailing address where it may send the check(s). If the EEOC fails to provide NDI with an alternate mailing address within 120 days of the notice of checks not cashed/negotiated or returned as undeliverable, NDI shall have no obligation to reissue or resend the payments and shall be entitled to retain all such payments, and the entitlement of Alicia Jenkins, Arceneaux Jenkins and each individual the EEOC deems a class member, as applicable, shall be deemed fully satisfied.

## OTHER RELIEF

19. In the event NDI receives any request for information, whether verbal or written, from potential employers, prospective employers, or third parties seeking references or information about Arceneaux Jenkins, NDI shall inform such potential employer(s), prospective employer(s), or third parties that its policy and practice is to provide only the dates of an individual's employment, and the position held by that individual. Notwithstanding the foregoing, nothing in this Consent Decree should be construed as prohibiting NDI from responding to or otherwise complying with a lawful court order issued after NDI's communication to the subpoenaing party that the information or documents sought pursuant to the subpoena are or may be subject to this Consent Decree.

20. NDI shall not discourage any individual from reporting, alleging, complaining about, or assisting in any manner with any report, allegation, or complaint of employment discrimination on

6

the basis of sex. NDI shall conduct good faith investigations into known or reported incidents of alleged sex discrimination and/or retaliation.

21. Within sixty (60) days of the entry of this Consent Decree, NDI shall include on all bulletin boards, including all electronic bulletin boards, a statement expressing its commitment to non-discrimination and non-retaliation in all employment decisions, including hiring practices and decisions.

## POLICIES AND PROCEDURES

22. Within 60 days of this Consent Decree, NDI shall develop, or amend if already in existence, and shall disseminate to all employees, an equal employment opportunity policy stating, "NDI Office Furniture is an equal opportunity employer. It is our policy and practice to provide hiring and employment opportunities to all individuals without regard to race, color, religion, creed, sex, national origin, ethnic origin, age, military status, or disability. This policy applies to all aspects of the employment relationship, including application, hiring, terms, conditions and benefits of employment."

23. Within 60 days of this Consent Decree, NDI will develop and implement a policy providing:

   a. disciplinary action, up to and including termination, for employees, supervisors, and managers who are proven to have engaged in sex discrimination or retaliation against employees, supervisors, and managers who engage in activity protected by Title VII;

   b. implementation of, and compliance with, NDI's sex discrimination and retaliation policies and procedures will be a factor in each manager's and supervisor's performance evaluation; and

7

  c. disciplinary action, up to and including termination, of supervisors and managers who are proven to have failed to implement or comply with NDI's sex discrimination and retaliation policies and procedures. Within 30 days of the entry of this Consent Decree, NDI shall issue a written statement to all employees confirming its commitment to a workplace free of discriminatory hiring practices, advising employees on how to report discrimination in the workplace, and encouraging employees to report discriminatory conduct without fear of retaliation.

24. Within 30 days of the entry of this Consent Decree, and continuing for at least the duration of this Consent Decree, NDI shall inform, in writing, all staffing agencies and recruiters it retains for the purpose of filling positions at any of its locations of NDI's equal employment opportunity policy

25. Within 30 days of the entry of this Consent Decree, and continuing for at least the duration of this Consent Decree, NDI shall include its equal opportunity employment policy in any print or online job announcement or advertisement.

28. NDI shall send a copy of the policies and procedures required by this Consent Decree to the attention of the Regional Attorney of the Birmingham District Office, U.S. Equal Employment Opportunity Commission, within 60 days following the entry of this Consent Decree, or 10 days following the first dissemination to employees, whichever date is sooner.

29. Once properly revised in accordance with the provisions of this Consent Decree, NDI shall provide a copy of the policies and procedures required by the Consent Decree to all new employees within three days of their hire. Any employees who were hired during the period between entry of this Consent Decree and final revision of NDI's antidiscrimination policies and procedures shall also receive copies of these documents within three days of the final revision.

8

30.     NDI shall post its policies and procedures required by this Consent Decree in prominent locations frequented by employees in each of its worksite locations as well as on its website.

31.     Within 75 days of this Consent Decree, NDI shall report to the EEOC in writing on its efforts and actions to comply with each of the items under the "Policies and Procedures" section of this Consent Decree, including providing the EEOC with copies of all newly implemented non-discrimination policies. Acceptance or review of these materials by EEOC shall be for compliance monitoring purposes only.

## TRAINING FOR MANAGERS AND EMPLOYEES

32.     Within 90 days of entry of this Consent Decree, NDI shall provide a training session at least ninety minutes in length on the anti-discrimination laws enforced by the EEOC, including but not limited to Title VII's prohibitions against sex discrimination in hiring and against retaliation. The training shall also include examples of discrimination, including examples of hiring discrimination on the basis of sex, specific to NDI's workplace. The training shall be given to all employees, supervisors, and managers. NDI shall provide this training every six months for the first year after entry of this Consent Decree and then annually for the remainder of the period covered by the Consent Decree.

33.     The training shall be presented by a trainer qualified by education and experience in the subject matter. NDI shall submit to the EEOC, two weeks prior to each training, the name of the presenter and his or her qualifications. Within 30 days after completion of each training, NDI shall provide the EEOC with a typed certification that all employees have received the necessary training, the typed names of the employees trained, and a date by which any employee absent at the time the training was conducted shall be trained. Any person who does not attend the trainings

despite being presently employed with NDI shall be trained within 30 days after scheduled training.

34. NDI shall generate a registry containing signatures of all persons in attendance of the trainings described above. All employees attending the training shall be instructed to sign the registry when they attend the entire training session or watch a videotape of the entire training session. NDI shall retain the registry for the duration of the Consent Decree.

35. NDI may add to this training depending on its needs.

36. Within 120 days of the entry of this Consent Decree, NDI shall provide the Birmingham District Office of the Equal Employment Opportunity Commission with proof of the action taken to inform and train its personnel as outlined herein. The report(s) shall be mailed to Regional Attorney, EEOC Birmingham District Office, 1130 22nd Street, South, Suite 2000 Birmingham, AL 35205.

## POSTING OF NOTICE

37. NDI shall post and cause to remain posted the posters required to be displayed in the workplace by Commission regulations.

38. Within 30 calendar days after entry of this Decree, NDI shall sign and post 8½-inch-by-11-inch sized copies of the notice attached as **Exhibit A** to this Consent Decree on all bulletin boards ordinarily used by NDI for announcements, notices of employment policy, or practice changes to employees, during the term of this Consent Decree, including intranet pages and electronic bulletin boards.

## RECORDS RETENTION

39. NDI shall maintain the following records for the duration of this Consent Decree:

10

(a) Title VII policies and procedures;

(b) Discrimination and retaliation complaints made by employees;

(c) All employment applications;

(d) All records of referrals from staffing agencies;

(e) All records reflecting hiring decisions;

(f) All documents generated in connection with each complaint, investigation, and resolution of each complaint involving allegations of violations of Title VII, including discrimination and retaliation;

(g) All materials used in training provided pursuant to the terms of this Consent Decree; and

(h) Attendance lists for such training.

## DISPUTE RESOLUTION

40. In the event that the Commission believes during the term of this Consent Decree that NDI has failed to comply with any provision of the Consent Decree, the Commission shall notify NDI or its counsel of the alleged non-compliance and shall afford NDI 30 calendar days thereafter to remedy the non-compliance or to satisfy the Commission the alleged non-compliance is not well founded. If NDI has not remedied the alleged non-compliance or satisfied the Commission that it has complied within 10 calendar days, the Commission may apply to the Court for appropriate relief.

## ATTORNEYS' FEES

41. The parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## FORCE AND EFFECT

42. The duration of this Consent Decree shall be three (3) years from its entry.

43. The Court shall retain jurisdiction for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this Consent Decree. Should the Court determine that NDI has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

44. Absent extension, this Consent Decree shall expire by its own terms at the end of three (3) years from the date of entry of this Consent Decree without further action by the Parties.

45. The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

SO ORDERED, ADJUDGED, and DECREED this __23rd__ day of __July__, ~~2020~~ 2021.

_____
HONORABLE R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO BY:

_____     __Jimmy Grisson__
AUTHORIZED REPRESENTATIVE     (Printed name)
FOR DEFENDANT
NDI OFFICE FURNITURE, LLC

12

_[signature]_
MARSHA RUCKER
Regional Attorney

Gerald Miller
Supervisory Trial Attorney

Harriett Oppenheim
Trial Attorney

Kurt Fischer
Trial Attorney

**U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, AL 35205-2886
Telephone: (205) 212-2045

**ATTORNEYS FOR PLAINTIFF EEOC**

# EXHIBIT A
## NOTICE TO ALL NDI OFFICE FURNITURE, LLC EMPLOYEES

This Notice is posted under the terms of the Consent Decree entered in Equal Employment Opportunity Commission v. NDI Office Furniture, LLC (Civil Action 18-01592-RDP in the U.S. District Court for the Northern District of Alabama).

It is unlawful under Title VII of the Civil Rights Act of 1964, *as amended*, ("Title VII") to discriminate against an employee on the basis of sex, including refusing to hire an applicant because she is female. It is also unlawful to retaliate against any person because the person engaged in any activity protected by Title VII, including opposing discriminatory conduct, or having contact with the EEOC.

If you believe you or any other person has been subjected to sex discrimination, including discrimination in hiring, during the course of your employment with NDI, you may contact the EEOC for assistance.

Title VII protects you from retaliation for (1) opposing discriminatory practices made unlawful by Title VII, (2) filing a charge or assisting or participating in the filing of a charge of discrimination under Title VII, or (3) assisting or participating in an investigation or proceeding brought under Title VII. If you believe you or any other person is being retaliated against in violation of Title VII, you may contact the EEOC for assistance.

For information regarding the EEOC, and how to contact the EEOC, you may visit www.eeoc.gov.

> This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed as follows: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130 22nd Street South, Birmingham, AL 35205.

7/8/2021
Date

_____
On Behalf of NDI Office Furniture, LLC

## DO NOT REMOVE THIS NOTICE!

14

## **EXHIBIT B**

## RELEASE

In consideration for sums paid to me by Defendant NDI, in connection with the resolution of *EEOC v. NDI Office Furniture, LLC*, Civil Action No. 2:18-cv-01592-RDP, I waive my right to recover for any claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, that I had or may have against Defendant NDI prior to the date of this release and that were included or could have been included in the EEOC's complaint in *EEOC v. NDI Office Furniture, LLC*, Civil Action No. 2:18-cv-01592-RDP, filed in the United States District Court for the Northern District of Alabama.

Date:_____     Signature:_____

15